(No. 4543.　June 27, 1927.)

O. V. SEBERN, EMIL JULLION and THOMAS R. HART-
LEY, Trustees, Appellants, v. CRAWFORD MOORE,
Respondent.

[258 Pac. 176.]

Waters and Water Rights—Drainage District—Waste and Seepage
—Appropriation for—Right of Prior Appropriator.

1. A drainage district, organized under C. S., secs. 4493–
4555, by constructing its drain, thereby destroying the ditch of a
prior appropriator of waste and seepage waters, does not de-
stroy his right to such waters.

2. Any appropriation by commissioners of a drainage district
under Act March 13, 1923 (Laws 1923, chap. 134), of surface
and seepage waters collected in the district's drain, is subject
to rights of one who appropriated them before construction of
the ditch.

3. Surface waste and seepage waters may be appropriated
under C. S., sec. 5562, subject to rights of owner to cease wasting,
or to change place or manner of wasting, or to recapture it.

APPEAL from the District Court of the Third Judicial
District, for Ada County.　Hon. Raymond L. Givens, Judge.

Action to enjoin the use of waste and seepage waters.
Judgment for defendant.　*Affirmed.*

Reddoch & Hunter, for Appellants.

Respondent had no right as against Drainage District
No. 2, or the property owners therein, whose waste and
seepage water from irrigation produced the water-table, to
insist that it be maintained so as to supply his waste water

Publisher's Note.

2.　Right to drain surface water into natural watercourse, note,
28 A. L. R. 1262.

See Waters, 40 Cyc., p. 704, n. 11 New, p. 718, n. 5, p. 724,
n. 37, 41 New.

right. (*Nampa & Meridian Irr. Dist. v. Petrie,* 37 Ida. 45, 223 Pac. 531.)

The statutes of this state relative to priority between users of waste water merely recognize priority rival claimants receiving such water from the same source. (C. S., secs. 5556, 5562; *United States v. Ramshorn Ditch Co.,* 254 Fed. 842; Colo. Sess. Laws 1889, p. 215; *United States v. Haga,* 276 Fed. 41; *Public Utilities Com. v. Natatorium Co.,* 36 Ida. 287, 211 Pac. 533.)

There being no vested right in waste water or the height of the water-table, the waters collected in the drains of Drainage District No. 2 were artificial or developed waters, subject to appropriation by the legislature for the benefit of those whose expenditures resulted in the collection of such waters in the drains. (Sess. Laws 1923, p. 196; *Wattson v. United States,* 260 Fed. 506; *Brewster v. Salt River Valley Waters Users' Assn.,* 27 Ariz. 23, 229 Pac. 929; *Hagerman Irr. Co. v. East Grand Plains Drainage Dist.,* 25 N. M. 649, 187 Pac. 555.)

Water collected in the drains is the property of the district, independent of any permit, and is not subject to individual appropriation or use. (*Brewster v. Salt River Valley Water Users' Assn., supra; Hagerman Irr. Co. v. East Grand Plains Drainage Dist., supra; Reno v. Richards,* 32 Ida. 1, 178 Pac. 81; *Basinger v. Taylor,* 36 Ida. 591, 211 Pac. 1085.)

Karl Paine and Edwin Snow, for Respondent.

"As between appropriators, the first in time is first in right." (C. S., sec. 5561.)

"All ditches now constructed, or which may hereafter be constructed for the purpose of utilizing seepage, waste or spring water of this state, shall be governed by the same laws relating to priority of rights as those ditches, canals and conduits constructed for the purpose of utilizing the waters of running streams." (C. S., sec. 5562.)

The drainage works were not constructed under or pursuant to the sovereign power of the state. (*Twohy Bros.*

*Co. v. Ochocho Irr. Dist.,* 108 Or. 1, 210 Pac. 873, 216 Pac. 189.)

The waters appropriated were not equitably and ratably distributed in the manner provided by the law under which plaintiffs claim. We cite the following authorities on the law relating to the appropriation of waste and seepage waters: *Gerber v. Nampa & Meridian Irr. Dist.* (on rehearing), 16 Ida. 22, 100 Pac. 88; *Breyer v. Baker,* 31 Ida. 387, 171 Pac. 1135; *Le Quime v. Chambers,* 15 Ida. 405, 98 Pac. 415, 21 L. R. A., N. S., 76; *Youngs v. Regan,* 20 Ida. 275, 118 Pac. 499; *Bower v. Moorman,* 27 Ida. 162, 147 Pac. 496; *Rabido v. Furey,* 33 Ida. 56, 190 Pac. 73; *Short v. Praisewater,* 35 Ida. 691, 208 Pac. 844; *United States v. Haga* (Ida.), 276 Fed. 41; *Twin Falls Canal Co. v. Dammon* (Ida.), 277 Fed. 331; *Brosnan v. Harris,* 39 Or. 148, 87 Am. St. 649, 65 Pac. 867, 54 L. R. A. 628; *Hough v. Porter,* 51 Or. 318, 95 Pac. 732, 98 Pac. 1083, 102 Pac. 728; Wiel on Water Rights, 3d ed., secs. 55, 56, 64; Long on Irrigation, 2d ed., sec. 89.

VARIAN, District Judge.—Appellants, members of the board of commissioners of Drainage District No. 2 of Ada county, brought this action as trustees to restrain respondent from diverting, or in anywise interfering with, the water in said drainage district's drain No. 14.

This district was organized under the provisions of C. S., title 34, and its works were completed prior to the irrigation season of 1922. On January 2, 1922, the state department of reclamation issued its certificate of completion of works, under permit No. 15374, to W. H. Thompson, O. V. Sebern and M. A. Coffin, trustees, then commissioners of said drainage district, to use all of the waters within the drainage canals of said district and to the extent of 150 second-feet thereof; priority to date as of September 10, 1921.

Respondent is the owner of 394.14 acres of land within said drainage district. His holdings formerly aggregated about 600 acres, but he has sold off about a third of his

former holdings. About the year 1890, respondent, or his predecessor in interest, utilized a certain dry gulch or natural waterway to convey water turned into it from the Ada lateral and the Moore ditch to the said 600 acres of land. This was accomplished by means of a ditch from a point in the gulch about a quarter of a mile from his present ranch. When first used, the draw contained no water except the run-off from rains and melting snows, which endured but for a short period each spring. Later and gradually, as the irrigating canals in the vicinity were enlarged and more land was put under irrigation, surface waste and seepage waters appeared in the draw and materially augmented the flow therein. By 1900, about 1,400 acres were under irrigation in that vicinity that drained into the draw, and the waste and seepage waters appeared in considerable quantities. From about that date until 1922, respondent has utilized about 400 miner's inches of the waters in said gulch, including his waters from the Ada lateral, selling off his ditch water rights with the lands sold to other parties. He still owns one and thirteen-eighteenths shares in the Ada lateral.

When the drainage works were constructed, the draw, occupied by respondent as a waterway, and which collected the waste and seepage waters appropriated for the irrigation of his lands, was occupied by the drainage district's canal. The water-table was lowered about seven feet, and respondent's ditch, in the draw, destroyed. No water from this source was available to respondent during the years 1922 and 1923. In 1924, he caused a new ditch to be constructed through which he tapped appellants' drain No. 14, below his former point of diversion, and immediately east of his present lands, by means of a pipe under the highway and into said drain at its water-level. This connection with the drain was made without injury to it, or interference with the operation of the drainage system, and was made while this suit was pending. For nearly thirty years prior to the year 1921, respondent has used and appropriated 300 inches of the seepage and waste waters collecting in said dry

gulch, applying said water to the irrigation of his said lands.

The first assignment of error attacks the finding to the effect that "the said appropriators (Sebern, Thompson and Coffin), or any of them, of said water were not trustees of all of the property owners within said district," or of respondent, "and did not file upon all or any of the water within said drainage canals as trustees for the benefit of all of the property owners within said district, or for the benefit" of respondent, as being contrary to law and the evidence.

There is no authority under the drainage laws of this state (C. S., title 34, secs. 4493 to 4555, both inclusive) authorizing drainage commissioners, or drainage districts, to appropriate waters, waste or from flowing streams. The acquiring of water rights, or the application of water to a beneficial use, is no part of the purposes for which drainage districts are formed; and under this title the commissioners were without authority to make filings upon waste water in the drainage canals. By an act approved March 13, 1923, the legislature sought to authorize the appropriation of waters created or made available for irrigation purposes by the construction of drainage works, and enacted the following:

"The boards of commissioners of drainage districts are hereby authorized and empowered to file upon and appropriate in the manner provided by law, waters created or made available for irrigation purposes, by the construction of drainage works within such district, whenever the same can be applied to a beneficial use upon lands within the district, without impairing prior existing rights, which waters shall be equitably and ratably distributed in the manner provided by law to lands within the district which may beneficially use the same in the proportion that the assessment for drainage of each tract of said land bears to the whole assessment within the district; *Provided,* That where lands within the district have an adequate water right and the

water made available for irrigation by the construction of such works, may be beneficially used upon other lands within the district, the board of commissioners may supply such lands with water, upon their assuming to pay their proportionate share of the drainage assessments, and credit other lands within the district creating such water supply with their ratable proportion, of the actual cost of the delivery thereof.'' (Sess. Laws 1923, c. 134, sec. 1, p. 196.)

This act was not in force on the date of the alleged filing by appellants' predecessors in office on January 2, 1922. As commissioners of the drainage district, acting for it or on its behalf, the appropriators, under permit No. 15374, had no authority to make the appropriation. As trustees, the appropriation was not valid because it was not authorized either by statute or the *cestuis que trustent*. Nor is it made to appear how appellants are the successors of the original appropriators, unless it is by virtue of this act of the legislature (Sess. Laws 1923, c. 134), which we have seen was not in force when the permit was issued.

With the exception of the waters turned into the draw by respondent, represented by his ownership of one and thirteen-eighteenths shares of Ada lateral, the waters appropriated by him are waste, seepage, the spring run-off from melting snows and rainfall. The quantities derived from melting snows and rainfall each year are negligible as shown by the evidence.

[1, 2] By constructing its drain in the gulch, thereby destroying respondent's ditch, the drainage district did not also destroy respondent's *right* to the waste and seepage waters theretofore appropriated and enjoyed by him. It is true that he could not complain of the lowering of the water-table, since he has no right to insist that it be maintained at its former height. (*Nampa & Meridian Irr. Dist. v. Petrie*, 37 Ida. 45, 223 Pac. 531.) The record shows that without injury to the drainage canal or interfering with the functioning of the drainage system, respondent has resumed the application of water which he had used many years prior to the construction of the drainage system. As to the

waste and seepage water flowing in respondent's ditch prior to the construction of the drainage system, it remains waste and seepage water. The drainage district is not the owner thereof, and, as a drainage district, it does not represent the paramount owners of such water. A drainage district is the creature of statute, and its powers are limited to those granted it by the statute, and has no authority to represent the land owners within its boundaries in the application or appropriation of water. Its powers under C. S., title 34, relate to the construction and maintenance of a system of drainage. The act of 1923, *supra,* merely grants to the commissioners the right to file upon waste and seepage waters "created or made available for irrigation" by the construction of the drainage works within the district, subject to prior existing rights.

The controversy here, then, is between claimants of waste and seepage waters. As found by the trial court, respondent had appropriated 300 inches of the waste and seepage waters flowing in the gulch, which, after the construction of the drainage works, flowed into the drainage canal, under C. S., sec. 5562, which reads:

"All ditches now constructed or which may hereafter be constructed for the purpose of utilizing seepage, waste or spring water of the state, shall be governed by the same laws relating to priority of right as those ditches, canals and conduits constructed for the purpose of utilizing the waters of running streams."

C. S., sec. 5561, reads:

"As between appropriators, the first in time is first in right."

The drainage canal carried the water covered by respondent's appropriation, together with an increased flow due to the lowering of the water-table and to curtailing loss by evaporation. The additional water flowing in the canals due to the lowering of the water-table and conservation of loss is not included in respondent's appropriation. If we assume appellants' view that the permit issued to Thomp-

son, Sebern and Coffin was a valid appropriation, respondent's appropriation was prior in time and therefore superior to that attempted by said alleged trustees. It is conceded that there is no vested right in waste or seepage waters as against the paramount owner thereof; that is, the owner of the water taken from the stream or the owner of the land, or reservoir, etc., from which it afterwards seeps or wastes. But C. S., secs. 5561 and 5562, and the statute of 1923, *supra,* recognize a right, or ownership, in such waters as between rival claimants, and priorities as between such claimants.

This court has held that seepage waters on public lands whose source is natural springs, may be the subject of appropriation under C. S., sec. 5569, providing that the waters of "any natural streams, springs or seepage waters," etc., may be appropriated. (*Le Quime v. Chambers,* 55 Ida. 405, 98 Pac. 415, 21 L. R. A., N. S., 76.)

Seepage water from a canal having its source in a watershed other than that in which the seepage occurs is subject to appropriation under C. S., sec. 5562.

Appellants contend that water collected in drains is the property of the drainage district, independent of any permit or use. The case of *Brewster v. Salt River Valley Water Users' Assn.,* 27 Ariz. 23, 229 Pac. 929, is not in point because the Arizona statute, at the time of that decision, did not authorize the appropriation of waste or seepage waters. It holds, in effect, that where appropriation of waste water is not authorized by statute, the right to appropriate such waters does not exist, and that such waters are the property of one in possession thereof. The same is true of the case of *Hagerman Irr. Co. v. East Grand Plains Drainage Dist.,* 25 N. M. 649, 187 Pac. 555, which was a suit to compel a drainage district to continue to waste drainage waters into an irrigation canal. In Arizona, the drainage statute vests title to all water collected or handled by means of the drainage works in the drainage district, in trust for certain uses, and dedicates such waters to such uses.

44 Idaho—27

(See Civ. Code Ariz. (1913), sec. 5452.) In construing this statute, the United States circuit court of appeals held that water collected in drainage canals is not subject to private appropriation. (*Wattson v. United States* (9th C. C. A.), 260 Fed. 506.) The other cases cited by appellants on this point, *Reno v. Richards,* 32 Ida. 1, 178 Pac. 81, and *Basinger v. Taylor,* 36 Ida. 591, 211 Pac. 1085, are not in point. They sustain the principle that one who, by constructing artificial works, or removing obstructions from a natural stream, thereby preventing the loss of water in the stream from seepage or evaporation, and augmenting the amount of water available from the stream, has the right to use the water so conserved. His appropriation is not of waste or seepage waters, but of the waters of the stream.

[3] We conclude that surface waste and seepage water may be appropriated under the provisions of C. S., sec. 5562, subject to the right of the owner to cease wasting it, or in good faith to change the place or manner of wasting it, or to recapture it, so long as he applies it to a beneficial use. His control is not dependent upon continuous actual possession, and in the absence of abandonment or forfeiture of his right to its use, he may assert his right, which is not affected by his once having applied it to a beneficial use. (*United States v. Haga,* 276 Fed. 41, cited with approval in *Ide v. United States,* 263 U. S. 497, 44 Sup. Ct. 182, 68 L. ed. 407.) Such water having been once appropriated, upon the constructing of a drainage canal that destroys the ditch through which it was carried, if susceptible of being identified, may be reclaimed in the drainage canal by the prior waste appropriator, where, in so asserting his right, he does not substantially injure the drainage works or materially interfere with the control or management of the drainage system. Where there has been no appropriation of waste or seepage water prior to the construction of the drain in which such water collects, said water is in the possession of the owner of the drain, and

is therefore not subject to appropriation under C. S., sec. 5562.

Judgment affirmed.   Costs to respondent.

Wm. E. Lee, C. J., Taylor and T. Bailey Lee, JJ., and McNaughton, Commissioner, concur.

Budge, J., did not sit at the hearing and took no part in the decision.

Givens, J., disqualified.