(No. 7195.   March 6, 1945.)

ORVILLE C. COLTHROP, Plaintiff-Appellant, v. MOUNTAIN HOME IRRIGATION DISTRICT, H. J. KNIEFEL, R. T. EDGAR, JOHN GROEFSEMA and W. D. CLAYVILLE, Defendants-Respondents.

[157 P. (2d) 1005.]
Rehearing denied April 30, 1945.

J. B. Eldridge for appellant.

Anderson & Leguineche for respondents.

HOLDEN, J.—This is an action to recover damages for crops which would have been grown had appellant had the use of certain seepage or return flow water for the irrigation of eighty acres of land, and for injunctive relief.

It is alleged by appellant in his second amended complaint (upon which the cause was tried), or can be reasonably inferred therefrom, that two ranches known as the Lockman and Ake ranches are located on Canyon Creek in Elmore County; that the Ake ranch adjoins and is just below the Lockman ranch; that Canyon Creek flows through both the Lockman and Ake ranches; that on or about the 30th day of July, 1914 in a certain water suit entitled *Richard Bennett et al v. F. A. Nourse et al.*, a decree was rendered and entered decreeing 120 inches of the waters of Canyon Creek, with a priority dating from March 1, 1876, to and for the irrigation of the Lockman ranch; that in the same water suit the Ake ranch was decreed 50 inches of water with a priority of April 1, 1884, 50 inches with a priority of May 31, 1885 and 80 inches with a priority of March 15, 1885; that by said decree it was provided; "That each party hereto to whom water is awarded shall when-

ever the beneficial use thereof ceases, turn the water of said stream so used into the channel thereof"; that since on or about the first day of May, 1926, respondent Mountain Home Irrigation District, has been, and is, the owner of what is known as the main canal of that district; that since 1926 the district has, by means of a dam located at the mouth of the canyon, diverted and delivered for the irrigation of various ranches, all the waters of Canyon Creek; that said decree for said Lockman ranch was modified by agreement between the owners of the Lockman ranch and what is known as the Ake ranch lying adjacent thereto, wherein and whereby the waters from said ranches were equally divided with equal priorities and that said decree for said Lockman ranch was by said agreement reduced to 110 inches, that the Lockman ranch was irrigated during the irrigation season of each year down to the irrigation season of 1937, at which time the district became the owner of both the land and the water decreed and appurtenant thereto; that on or about December 5th, 1941, the district made an application to the Commissioner of Reclamation to change the place of use of the water decreed to the Lockman ranch and that the application was later denied; that following the purchase of the Lockman ranch it was no longer irrigated and that the water theretofore decreed to it, as aforesaid, was distributed to the landowners and water users of and within the district for the irrigation of their lands; that on or about the 31st day of January, 1939, appellant and the Federal Land Bank of Spokane, entered into a written contract whereby appellant agreed to purchase and the Bank to sell the Ake ranch and appurtenant water rights; that following the making of said contract appellant went into and still has the possession and right of possession of said ranch and water rights; that during the period the Lockman ranch was irrigated, alleged to be forty years by plaintiff and appellant, "not less than seventy-five per cent of all irrigation water placed upon said Lockman Ranch returns to the natural bed of said Canyon Creek and a large amount of natural flow to which said Lockman Ranch was entitled to receive are diverted and have been during all of said years openly and notoriously used upon the lower Ake Ranch"; that "when said Lockman Ranch is irrigated from said decreed rights the waters from said irrigation sinks into the porous soil of the lands of said Lockman Ranch and return to the natural bed of

the stream of said Canyon Creek as return flow water";
that because of the change of the point of diversion and
place of use of the waters decreed to the Lockman Ranch,
and the failure to "use said water as has been the custom
and according to the terms of said decree for all of the
years aforesaid, and by reason thereof, and on account
of said withholding of said water from the use of said
ranch and diverting the same to other lands, this plaintiff
(appellant) was compelled to allow eighty acres of said
lower Ake Ranch (described in the complaint) to remain
idle and unproductive because of the withholding of said
water from said land, and the violation of the terms of
said decree in the manner aforesaid, depriving this plain-
tiff of the use of said return flow and said natural flow
aforesaid to the extent of at least eighty-two and one-half
inches of water, a sufficient amount to irrigate said eighty
acres of land"; that respondents "wrongfully and unlaw-
fully and in violation of their duty to this plaintiff changed
the place of use of said waters, caused said decreed rights
to be withheld from the use of said Lockman Ranch, and
so withheld the water from the use of said Lockman Ranch
during the years 1939, 1940, and 1941"; that "on account
of the withholding of said decreed rights for said Lockman
Ranch aforesaid this plaintiff was damaged by the wrong-
ful and unlawful acts of said defendants in violation of their
duty to this plaintiff as aforesaid in the year 1939 of the
sum of nine hundred and sixty dollars." Plaintiff and appel-
lant also sought to recover damages in a like amount for the
years 1940 and 1941, respectively, upon the same grounds,
on two additional causes of action, and prayed that re-
spondent and its officers "be permanently restrained and
enjoined from withholding and diverting said decreed
water from said Lockman Ranch and be required to deliver
said water according to said decree."

Respondents demurred to the first, second and third
causes of action set forth in appellant's second amended
complaint on the ground that such causes of action, re-
spectively, did not state facts sufficient to constitute a
cause of action, as well as on the ground that such causes
of action were, respectively, indefinite and uncertain in
certain particulars. The court sustained these demurrers,
and appellant declining to plead further, judgment of dis-
missal was rendered and entered from which plaintiff
prosecuted an appeal to this court.

The decisive question presented on this appeal is: Does appellant's second amended complaint state a cause of action either for damages or for injunctive relief? If so, the judgment of dismissal must be reversed. If it does not, then the judgment must be affirmed. The facts upon which appellant insists his complaint states a cause of action, in substance, are: that Canyon Creek flows through both the Lockman and Ake ranches; that the Ake ranch (in course of purchase by appellant) adjoins and lies just below the Lockman ranch; that the soil of the Lockman ranch is porous; that, therefore, when that ranch is irrigated 75% of the waters seep (or flow) through the soil into Canyon Creek and has so seeped into Canyon Creek for about forty years and, "openly and notoriously used upon the lower Ake ranch"; that the change of the point of diversion and place of use of the waters decreed to the Lockman ranch and consequent failure to irrigate that ranch as was the "custom," unlawfully and wrongfully deprived appellant of the use of such seepage water, because the long use of that water for the irrigation of the lower Ake ranch constituted an appropriation thereof which had ripened into a right to use it.

Sections 41-106, 41-107 and 41-202, I.C.A. (Sections 41-106 and 41-107, enacted in 1899; Section 41-202, enacted in 1903, and amended in 1929, but not in any particular pertinent here), provide:

[41-106]. "Priority.—As between appropriators, the first in time is first in right."

[41-107]. "Priority — Waste, Seepage, and Spring Waters.—All ditches now constructed or which may hereafter be constructed for the purpose of utilizing seepage, waste or spring water of the state, shall be governed by the same laws relating to priority of right as those ditches, canals and conduits constructed for the purpose of utilizing the waters of running streams."

[41-202]. "Application to appropriate water—Contents—Filing fees—Disposition of fees—Record of receipts.— For the purpose of regulating the use of the public waters and of establishing by direct means the priority right to such use, any person, association or corporation hereafter intending to acquire the right to the beneficial use of the waters of any natural streams, springs or *seepage waters*,

or lakes or other public waters in the state of Idaho, shall, before commencing the construction, enlargement or extension or change in the point of diversion of the ditch, canal, or other distributing works, or performing any work in connection with said construction or proposed appropriation or the diversion of any waters into a natural channel, make an application to the department of reclamation for a permit to make such appropriation. * * *" (Emphasis ours).

It is true, as contended by appellant, and as will have been observed, the right to appropriate seepage water is recognized, still and nevertheless, in construing these sections in *Sebern v. Moore,* 44 Ida. 410, 416, 417, 418, 258 P. 176, this court held "surface waste and seepage water may be appropriated under the provisions of C.S., sec. 5562 (now Sec. 41-107, supra), *subject to the right of the owner to cease wasting it, or in good faith to change the place or manner of wasting it, or to recapture it, so long as he applics it to a beneficial use.*" (Emphasis ours). Moreover it appears from the second amended complaint there was no abandonment of the beneficial use of the water decreed to the Lockman ranch. On the contrary, it appears such water was used in the irrigation of that ranch for about forty years, and that then and thereupon and following the purchase of the ranch and water by the district, the water was taken down stream and distributed to the landowners in the district for the irrigation of their lands. Hence, there never was a time when the water decreed to the Lockman ranch was not applied to a beneficial use. It is only when an appropriator abandons his water by failing to apply it to a beneficial use for the statutory period of five years (Sec. 41-216, I.C.A.), that it can be "considered and treated as unappropriated public water of the state." Here, there is neither allegation nor claim there was either an abandonment or failure to apply the water decreed to the Lockman ranch to a beneficial use. We direct attention to *Knutson v. Huggins,* 62 Ida. 662, 668, 669, 115 P. (2d) 421, quoting:

"We held in *Hutchinson v. Watson Slough Ditch Company,* 16 Idaho 484, 485, 101 P. 1059, that:

" 'At such times as an appropriator is not using the water under his appropriation, and is not applying the

water to a beneficial use, such water must be considered and treated as unappropriated public water of the state, and for such period of time is subject to appropriation and use by others.

" '*When an appropriator is not using water under his appropriation and during the season not covered by his appropriation, he must allow the water to flow down the bed of the natural channel.*' (Which is what the decree pleaded by appellant Colthrop requires).

"Later, in *State v. Twin Falls Canal Company*, 21 Idaho 410, 411, 429, 121 P. 1039, we adhered to the rule announced in the Hutchinson case, supra, holding: 'It is the policy of the law of this state to prevent the wasting of water.' And in *Glavin v. Salmon River Canal Company, Ltd.*, 44 Ida. 583, 589, 258 P. 532, we again held:

" 'It is against the public policy of this state, as well as against express enactments (then Sec. 5640 C.S., now Sec. 41-816, I.C.A.), for a water user to take more of the water to which he is entitled than is necessary for the beneficial use to which he has appropriated it,' pointing out that 'public policy demands that whatever be the extent of a proprietor's right to use water until his needs are supplied, his right is dependent upon his necessities, and ceases with them,' citing and adhering to *State v. Twin Falls Canal Company*, supra, and *Hutchinson v. Watson Slough Ditch Company*, supra."

But it is urged the district could not change the point of diversion and place of use of what is called the Lockman water because an application to make that change was made to the Commissioner of Reclamation and denied and no appeal therefrom taken; in other words, that the right to make the change has been adjudicated. And it is further urged that the change injures appellant in this: that appellant would thereby be deprived of the use of the Lockman waste water.

The injury which appellant urges against the right of respondents to change the point of diversion and place of use of the Lockman water is not the kind of an injury that will prevent the making of the change. To prevent a change in the point of diversion and place of use of water, the injury, if any, must be to a water right. In the case

at bar, it must be kept in mind, appellant does not plead that a change in the point of diversion and place of use of the Lockman water would in any way injure the water or the right to use the water, decreed to the Ake ranch. Undoubtedly, if a change of the point of diversion and place of use of the Lockman water actually injured appellant's use or right to use the water decreed to the Ake ranch, the change could not be made. *In re Robinson,* 61 Ida. 462, 469, 470, 103 P. (2d) 693, this identical question was presented. We quote:

"This court held, beginning with *Hard v. Boise City Irr. etc. Co.,* 9 Ida. 589, 76 P. 331, 65 L.R.A. 407, that a water right is real property and may be sold or transferred separate and apart from the land on which it is used and may be made appurtenant to other lands so long as such transfer does not injure other appropriators. This rule has been consistently adhered to. (Citing numerous cases).

"As to change of place of use or transfer of water (within a Carey Act system, sec. 41-2101, I.C.A.) *the only injury which another user may set up is injury to his water right and/or the use thereof. * * *"* (Emphasis ours).

In *Crockett v. Jones,* 42 Ida. 652, 655, 249 P. 483, the question as to whether a failure to appeal from the action of the Department of Reclamation on an application to change the point of diversion and place of use of water, constituted *res judicata,* was presented to the court. In passing upon the question, this court said:

"* * * We shall first dispose of assignment of error No. 9, predicated upon the action of the court in refusing to hold as a matter of law that the respondents, not having appealed from the action of the department of reclamation in issuing a permit for the change of point of diversion within the time allowed by C.S., sec. 5582 (now Sec. 41-216, I.C.A.), were precluded from bringing this action.

"A hearing was had before the commissioner of reclamation upon proper notice and application made by appellants to change the point of diversion, and the application was granted. No appeal was taken from the action of the department of reclamation in issuing the permit as

provided for in C.S., sec. 5582, and appellants seek to make the point that, since the statute provides for a review of the holding of the commissioner of reclamation by appeal to the district court, the remedy so provided is exclusive. With this contention we are not in accord. We are of the opinion that the remedy so provided is cumulative; *that the commissioner of reclamation is but an administrative officer, without judicial powers,* and any party aggrieved by the decision of such commissioner may either appeal to the district court, as provided in C.S., sec. 5582, or commence an original action in said court for the determination of the question involved in the proceeding before the commissioner of reclamation. (*Speer v. Stephenson,* 16 Ida. 707, 717, 719, 102 P. 365.)" (Emphasis ours).

It must be conceded respondents could not be required to continue to irrigate the Lockman ranch; that respondent could not be required to continue to waste 75% of the water decreed to it, for the benefit of appellant; that respondents could not be enjoined from ceasing to waste such decreed water and making beneficial use of it and that a denial of the application of the district to change the point of diversion and place of use of the water does not constitute *res judicata.* For these reasons we conclude, and so hold, that the second amended complaint does not state a cause of action either for the recovery of damages or for injunctive relief.

Judgment affirmed. Costs awarded to respondents.

Budge, Givens and Miller, JJ., concur.

Ailshie, C.J., did not sit at the hearing and took no part in the decision.