118 P.3d 78

In Re: SRBA Case No. 39576 (Subcases 36–02080, et al, A & B Irrigation).

### A & B IRRIGATION DISTRICT, Appellant,

v.

ABERDEEN–AMERICAN FALLS GROUND WATER DISTRICT; Bingham Ground Water District; Magic Valley Ground Water District; Estate of Mack Neibaur; Ralph E. Breding; Tim Deeg; and State of Idaho, Respondents.

No. 29942.

Supreme Court of Idaho.

June 21, 2005.

Rehearing Denied Aug. 16, 2005.

Ling, Robinson & Walker, Rupert, for appellant. Roger D. Ling argued.

Givens Pursley, LLP, Boise, for respondent Aberdeen–American Falls Ground Water District. Jeffrey C. Fereday argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent State of Idaho. David J. Barber argued.

SCHROEDER, Chief Justice.

This appeal arises from an order issued by the district court affirming a special master's partial summary judgment regarding five water enlargement claims brought by A & B Irrigation District (A & B) in the Snake River Basin Adjudication (SRBA). At issue is whether the district court erred in finding that (1) the source of water used by A & B to irrigate enlarged acres is ground water rather than recaptured drain, waste, or seepage water, or a combination thereof, (2) A & B's use of recaptured water to irrigate enlarged acres causes injury to junior water appropriators, (3) A & B's use of recaptured water should be subordinate to junior water appropriator's rights, (4) the repeal of Idaho Code § 42–1416 and simultaneous enactment of Idaho Code § 42–1426 did not create a vested right in favor of A & B's beneficial use of recaptured water on its enlarged acres, and (5) alternatively, A & B's use of recaptured water created an enlargement under I.C. § 42–1426 with rights subordinate to junior appropriators prior to July 1, 1985, rather than April 12, 1994. The Aberdeen–American Falls Ground Water District, Bingham Ground Water District, Magic Valley Ground Water District, Estate of Mack Neibaur, Ralph E. Breding and Tim Deeg (collectively Ground Water Users) and the State of Idaho (State) dispute all of A & B's claims. Ground Water Users request attorney fees.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

A & B is a water irrigation district located in Jerome and Minidoka Counties. Originally developed by the United States Bureau of Reclamation (BOR), the district is now maintained and operated by A & B. The district is divided into two units, "A" and "B", with the B unit irrigated by ground water pumped from the Eastern Snake River Plain Aquifer (ESPA). Water right 36–02080 authorizes the diversion of 1100 cfs for the irrigation of 62, 604.3 acres in A & B's district. Only those lands irrigated in the "B" portion of the district are at issue in this suit.

Due to the geographic layout and soil conditions within A & B's irrigation district, not all of the 1100 cfs under water right 36–02080 are consumed upon initial irrigation. Some of this water becomes run-off and collects in ponds or drains situated at the end of the district's fields. Between March 25, 1963, and November 19, 1987, A & B began using some of this excess run-off to irrigate additional acres not included within the scope of water right no. 36–02080.

Prior to 1963 water rights could be appropriated based upon a constitutional or beneficial use method. However, enactment of Idaho Code § 42–243, required any water user claiming a constitutional or "beneficial right" to file a claim with the Idaho Department of Water Resources (IDWR). I.C. § 42–243(2003). On or around November 23, 1984, A & B and BOR filed an application with IDWR under water right no. 36–04265 for a beneficial use ground water right in accordance with. I.C. § 42–243. Included in this application, A & B and BOR claimed an expansion of licensed right no. 36–02080 for 2363.1 acres irrigated with excess run-off. BOR eventually withdrew this expansion application based on the enactment of I.C. § 42–1416, which provided a rebuttable presumption granting water rights in favor of those users who had enlarged their prior water rights in violation of Idaho's mandatory permit scheme but who had not caused injury to other water right holders.

The SRBA commenced in 1989. A & B and BOR filed another application in the SRBA based on the same water right, no. 36–04265, filed with the IDWR. In 1992 IDWR recommended A & B and the BOR's request for enlargements pursuant to I.C. § 42–1416(2) but included a provision that the priority dates associated with these

claims be determined by evidence of when the enlarged water use occurred. A & B and BOR filed objections to the director's report, but not regarding the priority dates recommended by IDWR.

On February 4, 1994, the SRBA court held I.C. § 42–1416(2) unconstitutional. While the court's decision was on appeal, the Idaho Legislature repealed I.C. § 42–1416 and subsequently enacted I.C. § 42–1426 granting amnesty for enlargements where there was no added diversion and no injury to junior appropriators or otherwise where a mitigation plan was in place. Where either of these conditions was not apparent, the statute required subordination. Based on the legislature's actions, this Court dismissed the appeal regarding I.C. § 42–1416. The Court found I.C. § 42–1426 constitutional in *Fremont–Madison v. Idaho Ground Water Appropriators,* 129 Idaho 454, 926 P.2d 1301 (1996).

On September 19, 1997, IDWR filed an Amended Director's Report based on the holding in *Fremont–Madison.* IDWR again recommended the enlargement claims of A & B and BOR and included a provision that the enlargements be subordinated to all junior appropriators of rights prior to April 12, 1994, the date I.C. § 42–1426 was enacted. The Amended Report further determined the enlargement's source of water to be ground water. The Ground Water Users and State filed a Joint Response supporting IDWR's conclusion. A & B and BOR filed objections to IDWR's Amended Report and included objections regarding the recommended priority dates.

On January 24, 2001, Ground Water Users and the State moved for partial summary judgment. The special master determined that the source of the "B" rights was ground water and that the priority dates for such rights should be the date the water was first put to beneficial use, subject to the subordination remark recommended by IDWR. A & B's motion to alter or amend the special master's ruling was denied. A & B filed a notice of challenge in which the BOR participated. The district court affirmed the special master's decision and subsequently de-

nied A & B's motion to reconsider. A & B appealed.

## II.

## STANDARD OF REVIEW

■ Review by the Supreme Court of an entry of summary judgment is the same as that required by the district court when ruling on the motion. *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). A district court determines a motion for summary judgment based on whether there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c)(2004); *Id.* In determining whether there are genuine issues of material fact the court reviews all evidence in the light most favorable to the non-moving party. I.R.C.P. 56(c); *Id.* If the evidence shows no disputed issues of material fact, what remains is a question of law, over which the appellate court exercises free review. *Id.*

Subcases referred to the SRBA special master are governed by the Idaho Rules of Civil Procedure and the Idaho Rules of Evidence. I.C. § 42–1411(5); SBRA AO1 9(b), 11(d); *State v. Hagerman Water Right Owners, Inc.,* 130 Idaho 736, 740, 947 P.2d 409, 413 (1997). The special master's conclusions of law are persuasive but not binding. *Id.* (citing *Rodriguez v. Oakley Valley Stone, Inc.,* 120 Idaho 370, 378, 816 P.2d 326, 334 (1991)). To the extent the district court adopts the special master's findings of fact and conclusions of law they are considered to be the findings and conclusions of the court. I.R.C.P. 52(a); *id.* This Court has free review of conclusions of law and a district court's compliance with rules of procedure and evidence. *Id.* (citing *Harney v. Weatherby,* 116 Idaho 904, 906–07, 781 P.2d 241, 243–44 (Ct.App.1989)).

## III.

## THE NATURE OF THE WATER

A & B asserts that the source of a water right is a key element in filing a water right claim and for the scope of appropriation in times of water shortage. Owen L. Anderson

et al., *Water and Water Rights*, § 12.02(d)(1991). A & B agrees with the district court that the majority of water used on the enlarged acres originated as ground water pumped from the ESPA but asserts that following irrigation it is collected with other diffuse water in irrigation drains whereby it is transformed into an independent source, that of "waste" or "drain" water. *See Hidden Springs Trout Ranch, Inc. v. Hagerman Water Users, Inc.*, 101 Idaho 677, 680, 619 P.2d 1130, 1133 (1980); *Jensen v. Boise–Kuna Irrigation Dist.*, 75 Idaho 133, 141, 269 P.2d 755, 759 (1954); *Colthrop v. Mountain Home Irrigation Dist.*, 66 Idaho 173, 179, 157 P.2d 1005, 1007 (1945); *Sebern v. Moore*, 44 Idaho 410, 415–16, 258 P. 176, 177 (1927). According to A & B, an original appropriator is entitled to use waste or drain water so long as it is put to beneficial use, even if a junior appropriator has been using the same water for some time. *Hidden Springs Trout Ranch*, 101 Idaho at 680, 619 P.2d at 1133. Waste or drain water is surplus water which results from delivery of dedicated water. *See Jensen v. Boise–Kuna Irrigation Dist.*, 75 Idaho 133, 135, 269 P.2d at 755, 756 (1954). A & B maintains that the water used on its enlargements originates as ground water but becomes surplus upon delivery as it is recaptured in drains at the end of the irrigation fields.

Ground Water Users respond that to be granted amnesty under I.C. § 42–1426 the source of the enlarged right must be tied to the diversion of an existing right. In this case the only existing right is ground water. Consequently, Ground Water Users argue the SRBA correctly found the source of A & B's enlargements was ground water.

The IDWR Director's Report constitutes *prima facie* evidence of the nature and extent of water rights acquired under state law. Idaho Code § 42–1411(4)(2003). The director recommended that the source of the water be determined to be ground water. The special master and the district court affirmed this finding. A & B admitted that the source of drain water used on the enlargements originated as ground water. However, A & B's response included that it was possible for drain water to flow upon the enlargements from independent sources. The thrust of A & B's position is that even though water originates as ground water, the water is legally and factually changed once collected in A & B's drainage system.

## IV.

## A & B's CLAIM FAILS WHETHER THE ANALYSIS TREATS THE WATER AS RECAPTURED DRAIN AND/OR WASTE WATER OR TREATS IT AS GROUND WATER

### A. The Nature of Recaptured Drain and/or Waste Water

The director of the IDWR is charged with determining the source of water rights as each new application is filed. Idaho Code § 42–1411(2)(2003). The director's report "constitute[s] *prima facie* evidence of the nature and extent of the water rights acquired under state law." I.C. § 42–1411(4) (emphasis added). The director's findings may be rebutted with the party objecting to the recommendation bearing the burden of proof that the recommendation is in error. I.C. § 42–1411(5). Idaho Code § 42–230 defines ground water as "all water under the surface of the ground whatever may be the geological structure in which it is standing or moving." I.C. § 42–230 (2003). Ground water may be appropriated under either a constitutional method or by statutory permit, depending upon the date of beneficial use and diversion. Idaho Code § 42–243(2003); *R.T. Nahas Co. v. Hulet*, 114 Idaho 23, 26, 752 P.2d 625, 628 (Ct.App.1988).

Unlike ground water, waste, drain and seepage waters have never been explicitly defined by Idaho statutes or case law. However, the Court has recognized that drain, waste and seepage waters may be appropriated and put to beneficial use. Idaho Code § 42–107(2003); *see Hidden Springs Trout Ranch*, 101 Idaho at 680, 619 P.2d at 1133; *Colthrop*, 66 Idaho at 179, 157 P.2d at 1007; *Sebern*, 44 Idaho at 418, 258 P. at 178; (finding a senior appropriator retains his right to reclaim surface waste and seepage water even where a junior appropriator had used such waters for a substantial length of time).

The closest the Court has come to distinguishing between ground water and drain, waste or seepage waters is *Jensen,* which involved an alleged breach of contract over the right to pump out waste and seepage waters surrounding a body of water known as "Thomason Lake." *Jensen,* 75 Idaho at 142, 269 P.2d at 760. When interpreting the contract at issue in *Jensen,* the Court noted that the agreement specifically referred to the water to be made available as "seepage waters and waste waters". *Id.* at 141, 269 P.2d at 759. According to the Court, "no attempt was made by the directors to obligate the district to deliver or make available to the plaintiffs any of the water or water rights owned by the district, and available, appurtenant *and dedicated to lands within the district." Id.* at 141, 269 P.2d at 759–60. (emphasis added). This finding distinguished between "dedicated sources," such as ground water, or the lake water in *Jensen,* and "seepage or waste waters" which the district granted the Jensens the right to use. *Jensen* is consistent with *Hidden Springs Trout Ranch* and *Sebern* that drain, waste and/or seepage waters may be appropriated.

■ The district court in this case affirmed the decree of the IDWR and the special master that the source of A & B's proposed enlargements is ground water appropriated under water right no. 36–02080. The majority of water used to irrigate A & B's enlarged acres comes from a series of drains that collect excess irrigation water appropriated under water right no. 36–02080, similar to the water at issue in *Jensen.* The district court further held that a key factor in determining A & B's enlargement source was where the water originated. In A & B's case the water originated as ground water under the district's water permit. However, *Jensen* did not rely on the origin of the waters surrounding Thompson Lake to distinguish the seepage and waste waters from those "dedicated sources" of the lake. Instead, the nature of the waste and seepage waters appropriated to the Jensens was enough to distinguish those waters from the dedicated waters of the district.

In granting Ground Water Users motion for partial summary judgment, the SRBA court noted:

Waste water has been defined as "(1) water purposely discharged from the project works because of operation of necessities, (2) water leading from ditches and other works, and (3) *excess water flowing from irrigated lands, either on the surface* or seeping under it."

*In re SRBA,* Case No. 39546 (2003)(quoting Water Rights Law in the Nineteen Western States, Wells A. Hutchins, vol. II at 568(emphasis added)). Following this approach, ground water would lose its characterization once the water is collected and commingled with other sources. In A & B's case, ground water collects in drains and is commingled with other diffuse sources such as rain. According to the logic of *Jensen,* the source of water for A & B's enlarged acres would be drain and/or waste water.

The source of enlarged acres could be treated as recaptured drain and/or waste water and not ground water. Unfortunately for A & B, treating the water as recaptured drain and/or waste water would not accomplish the purpose it seeks.

**B. I.C. § 42–1426 Does Not Grant Amnesty for Enlargements Relying on Unappropriated Water Rights, Thus Subordination is a Moot Issue**

Idaho Code § 42–1426(2) provides in part: The mandatory permit requirements of sections 42–201 and/or 42–229, Idaho Code, are waived, and a new water right may be decreed *for the enlarged use of the original water right* based upon the diversion and application to beneficial use, with a priority date as of the date of completion of the enlargement of use for any enlargement occurring on or before November 19, 1987...

I.C. § 42–1426(2)(2003)(emphasis added). An enlargement may include such events as an increase in the number of acres irrigated under an original water right. *Fremont–Madison Irrigation Dist. & Mitigation Group v. Idaho Ground Water Appropriators, Inc.,* 129 Idaho 454, 458, 926 P.2d 1301, 1305 (1996); *see also Barron v. Idaho Dep't of Water Res.,* 135 Idaho 414, 419, 18 P.3d 219, 224 (2001).

A & B's additional 2,363.1 acres neither qualifies as an enlargement or for amnesty

752

under I.C. § 42–1426 based upon a finding that the water source is recaptured drain and/or waste water. A & B is not seeking to expand the number of acres it irrigates with original ground water under right no. 36–02080. Rather, it relies on an unappropriated source, that of recaptured drain and/or waste water to irrigate its additional acres. This is in violation of the mandatory water permit requirements. Idaho Code § 42–229 (2003). Treating the water as something other than ground water, A & B must seek a new water right for this water source prior to any further use on the 2,363.1 acres.[1]

■ A & B may use the water on its original appropriated lots. "It is settled law that seepage and waste water belong to the original appropriator and, in the absence of abandonment or forfeiture, may be reclaimed by such appropriator as long as he is willing and able to put it to a beneficial use." *Reynolds Irrigation Dist. v. Sproat*, 70 Idaho 217, 222, 214 P.2d 880, 883 (1950)(citing *U.S. v. Haga*, 276 F. 41, 43 (D.Id.1921)); *see also Sebern*, 44 Idaho at 418, 258 P. at 178.

■ As the Ground Water Users and the State appropriately note, should A & B find itself in the unique situation of having more excess drain and/or waste water than it can reuse on its appropriated properties, Idaho water law requires the district to diminish its diversion. Reclamation Act of June 17, 1902, ch. 1093, § 8, 32 Stat. 388, 390. This is consistent with the Idaho Legislature's policy on water conservation articulated in Idaho Code § 42–250. I.C. § 42–250(1) provides that "[t]he legislature deems it appropriate, therefore, to encourage and support voluntary water conservation practices and projects." I.C. § 42–250(1) (2003). A & B's proposed enlargements are not entitled to amnesty under I.C. § 42–1426 if treated as a water source independent of its origination as ground water.

## C. The Result Treating the Water as Ground Water

Viewing A & B's source of water for its proposed enlargements as ground water, I.C. § 42–1426 requires subordination. I.C.

§ 42–1426(2) grants amnesty for proposed enlargements provided certain conditions are met. The statute requires:

[T]hat the rate of diversion of the original water right and the separate water right for the enlarged use, combined, shall not exceed the rate of diversion authorized for the original water right; and further provided, that the enlargement in use did not injure water rights existing on the date of the enlargement of use. An enlargement may be decreed if conditions directly related to the injury can be imposed on the original water right and the new water right that mitigate any injury to a water right existing on the date of enactment of this act. *If injury to a water right later in time cannot be mitigated, then the new right for the enlarged use shall be advanced to a date one (1) day later than the priority date for the junior water right injured by the enlargement.*

I.C. § 42–1426(2)(emphasis added).

This Court has made it clear that there are few instances in which an enlarged use will not cause injury to junior appropriators, consequently requiring subordination in the case of a new enlargement. *Fremont–Madison*, 129 Idaho at 461, 926 P.2d at 1308. *Fremont–Madison* held that, "[i]t is difficult, *if not impossible*, to perceive of a situation in which an enlargement would not injure an appropriator who had an established right if the enlargement receives priority." *Id.* (emphasis added). While A & B has argued that *Fremont–Madison* did not state that proposed enlargements create a per se injury to junior water rights holders, the specific language of the case indicates otherwise. "Priority in time is an essential part of western water law and to diminish one's priority works an undeniable injury to that water right holder." *Jenkins v. Idaho Dept. of Water Res.*, 103 Idaho 384, 388, 647 P.2d 1256, 1260 (1982).

## D. A & B Did Not Qualify for the Rebuttable Presumption under I.C. § 42–1416 (repealed)

Treating the water as ground water, the enlargements are subordinate to those priori-

1. As noted by the district court, the drain and/or waste water does not qualify as a private water source. To use this water appropriation under the mandatory permit scheme is the only method by which this water can now be put to beneficial use.

ty rights established before April 12, 1994, the date I.C. § 42–1426 was enacted. Generally, where a statute is repealed and followed by the simultaneous enactment of a statute substantially re-enacting the provisions of the former repealed statute, the former statute is considered to continue in force. 73 Am.Jur.2d *Statutes* § 278 (2001). The district court had ruled the earlier statute unconstitutional, but that issue was never resolved by the Court.

A & B did not qualify for the rebuttable presumption established by I.C. § 42–1416 that previously unadjudicated enlargements may seek a rightful water permit so long as no other water rights would be injured. Once rebutted, this presumption did not allow for the creation of an enlargement right. I.C. § 42–1416(2); *Hagerman*, 130 Idaho at 745–46, 947 P.2d at 418–19. Allowing A & B to receive an enlargement causes a *per se* injury to junior appropriator's rights such that A & B would not have been entitled to an enlargement water right under I.C. § 42–1416(2) even prior to its repeal. A & B is left with I.C. § 42–1426(2) as the only statutory authority by which to acquire a valid water right for its enlargement rights if treated as ground water.

I.C. § 42–1426 grants amnesty for enlargements so long as there is no additional diversion of the original water right and full mitigation of injury to junior water rights takes place. Where mitigation is not possible, the enlargements must receive a subordinated water right. Although the *Statement of Purpose* by the Idaho Legislature suggests I.C. § 42–1426 attempted to re-enact I.C. § 42–1416, the addition of the legislature's subordination requirement significantly modified the former presumption statute. *Statement of Purpose* RS 03976C2 on H.969, 52nd Leg., 2nd Sess. (1994). As noted above, there is *per se* injury to junior water rights holders anytime an enlargement receives priority. Thus A & B's proposed enlargements must be subordinated because injury to junior water rights cannot be mitigated.[2]

Finally, a party is not entitled to vested rights in a water right by virtue of filing a permit application. *In re Hidden Springs Trout Ranch, Inc.*, 102 Idaho 623, 625, 636 P.2d 745, 747 (1981). According to *In re Hidden Springs*, "[t]he applicant gains but an inchoate right upon filing of the application which may ripen into a vested interest following proper statutory adherence." *Id.* A & B has argued that the presumption and amnesty statutes granted their district a vested right in a water permit. However, *In re Hidden Springs* shows that until a water right has been granted by the IDWR or SRBA, the applicant receives merely the "hope" of a water right. Thus A & B does not have a vested right to water for its enlargements.

**E. The SRBA Court Properly Treated the Water as Ground water**

The logic of *Jensen* would allow treatment of the water at issue as an independent source from its origin as ground water. The Court rejects this logic. The water in this case in large part derives from ground water. It can be identified as such from the time it is pumped from the ground until it collects in A & B's ponds and/or drains. It would be anomalous to treat the water as ground water so long as it is pumped directly from the ground to the field but transform it to something else as it is collected. To the extent that the source of appropriated water can be identified, it retains that characterization. Consequently, the SRBA Court properly treated the water as ground water under the original water right and properly applied the law applicable to enlargements.

**V.**

**THE DISTRICT COURT DID NOT ERR IN FINDING THAT THE DOCTRINES OF WAIVER AND ESTOPPEL DO NOT BAR THE GROUND WATER USERS FROM HAVING THE ENLARGED WATER RIGHTS OF A & B SUBORDINATED TO THEIR OWN WATER RIGHTS**

Waiver requires a voluntary, intentional relinquishment of a known right that is

---

2. Evidence on the record suggested A & B proposed a mitigation plan consisting of third party contracts for reservoir waters. There has been no indication how this will be used to a junior right holder's benefit should a water shortage occur.

relied upon by an adverse party and which alters their position. *Brand S. Corp. v. King,* 102 Idaho 731, 734, 639 P.2d 429, 432 (1981) (citations omitted). Waiver is a question of fact and requires a showing of substantial evidence on the record. *Riverside Dev. Co. v. Ritchie,* 103 Idaho 515, 518, 650 P.2d 657, 660 (1982). A & B asserts Ground Water Users failed to file objections to the original enlargement claims filed under I.C. § 42–1416 and should now be estopped from arguing the enlargements are subordinate to water rights existing prior to the enactment of I.C. § 42–1426.

 Idaho Code § 42–1412(1) states that "[a]ny claimant who desires to object to a water right, or to a general provision in the director's report, shall file an objection with the district court within the time specified in the notice of filing of the director's report." I.C. § 42–1412(1)(2003). The Order Re: Amendment of Claims (July 7, 1997) following the repeal of I.C. § 1416 did not limit objections to those persons already parties to the subcases. Additionally, after leave to amend a claim is granted the determination of whether to hear additional objections is left to the discretion of the presiding judge. SRBA AO1 4(d)(2)(k).

Prior to amendment, Idaho Code § 42–1410 required objectors of proposed water rights to file their claims within sixty (60) days of the director's report. I.C. § 1410 (1993)(amended 1994); *In re General Determination of Rights to Use of Surface and Ground Waters of Payette River Drainage Basin,* 107 Idaho 221, 224, 687 P.2d 1348, 1351 (1984). This Court interpreted the former version of this statute to allow district courts to hear objections following the 60–day time period within their discretion. *Id.*

Ground Water Users did not file an objection but rather a recommendation of IDWR's Amended Report. This Court has regarded such actions sufficient to establish legal interest in the rights being adjudicated. *See e.g. Snake Ground Water Dist. v. Gisler,* 136 Idaho 747, 750, 40 P.3d 105, 108 (2002). The Ground Water User's recommendation was sufficient to establish their legal interest in the outcome of the SRBA's decision whether or not to grant A & B's enlargement claims.

Ground Water Users did not waive their right to object.

## VI.

## GROUND WATER USERS ARE NOT ENTITLED TO ATTORNEY FEES

◼ Ground Water Users seek attorney fees pursuant to Idaho Appellate Rules 11.1 and 41 which allow the court to award attorney fees as a means of sanctioning frivolous, unreasonable, or un-meritorious lawsuits. This case has presented difficult and some previously unresolved issues. Attorney fees as a sanction are not warranted.

## VII.

## CONCLUSION

The decision of the SRBA Court is affirmed. The respondents are allowed costs. No attorney fees are allowed.

Justices TROUT, KIDWELL and EISMANN and Justice Pro Tem WALTERS concur.