926 P.2d 1301

In re SRBA CASE NO. 39576.

FREMONT–MADISON IRRIGATION DISTRICT AND MITIGATION GROUP, and Pioneer Irrigation District and Sinclair Oil Corporation dba Sun Valley Company, Appellants–Cross Respondents,

v.

IDAHO GROUND WATER APPROPRIATORS, INC., and The State of Idaho, Respondents–Cross Appellants,

and

The United States, Certain Upper Valley Irrigators, Big Lost River Water Users Association, Idaho Conservation Groups, J.R. Simplot Company, A & B Irrigation District, Falls Irrigation District, Burley Irrigation District, Aberdeen–Springfield Canal Company, Boise–Kuna Irrigation District, New York Irrigation District, Wilder Irrigation District, Nampa & Meridian Irrigation District, Grindstone Butte Mutual Canal Company, Rim View Trout Company and Farm Development Corporation, Respondents–Cross Respondents.

Nos. 22354, 22355.

Supreme Court of Idaho, Boise, January 1996 Term.

Oct. 2, 1996.

Elam & Burke, P.A., Boise, for appellants, Pioneer, et al. Scott L. Campbell argued.

Rigby, Thatcher, Andrus, Rigby, Kam and Moeller, Chtd., Rexburg, for appellant, Fremont–Madison Irrigation District. Jerry R. Rigby argued.

Alan G. Lance, Attorney General; Clive J. Strong, Deputy Attorney General (argued); David J. Barber, Deputy Attorney General, Boise, for respondent, State of Idaho.

Givens, Pursley and Huntley LLP, Boise, for respondent, Idaho Ground Water Appropriators, Inc. Jeffrey C. Fereday argued.

Betty H. Richardson, U.S. Attorney, Boise; William B. Lazarus (argued), Department of Justice, Washington DC, for respondent, U.S.A.

SCHROEDER, Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

This case addresses the constitutionality of statutes relating to the Snake River basin adjudication (SRBA), which are collectively referred to as the "amnesty statutes." I.C. §§ 42–1425, 42–1426, & 42–1427 (Supp.1995). The facts are not in dispute. Some back-

ground concerning the methods of perfecting water rights and the elements of those water rights is helpful in understanding the present dispute.

The constitution of Idaho as ratified in 1889 contained several sections relating to water. The Idaho Constitution, Article XV, Section 3, as amended in 1928, states that, "The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied, except that the state may regulate and limit the use thereof for power purposes." Prior to adoption of a mandatory permit system in 1971 this constitutional declaration was construed as authorizing a person to appropriate the water of a stream simply by "actually diverting the water and applying it to a beneficial use." *Sand Point Water & Light Co. v. Panhandle Dev. Co.,* 11 Idaho 405, 413, 83 P. 347, 349 (1905). This is referred to as the constitutional method of appropriation.

As early as 1881 a statutory procedure for appropriating water was adopted, providing that a person intending to appropriate water should post a notice at the point of diversion and record the same. *See* Hutchins, *The Idaho Law of Water Rights,* 5 Idaho L.Rev. 1 (1968). In 1903 the legislature adopted procedures which entailed an application to the State Department of Reclamation (currently the Department of Water Resources) for a permit and fulfillment of the requirements of the permit. *See* I.C. § 42–201. Until 1971 Idaho recognized two methods of appropriating water of the state both of which were equally valid: the statutory method of appropriation and the constitutional method of appropriation. "A person desiring to appropriate the waters of a stream may do so, either by actually diverting the water and applying it to beneficial use, or he may pursue the statutory method by posting and recording his notice, and commencing and prosecuting his work within the statutory time." *Nielson v. Parker,* 19 Idaho 727, 731, 115 P. 488, 489 (1911) (quoting *Sand Point Water & Light Co.* 11 Idaho 405, 413, 83 P. 347, 349). It was this Court's view that legislation which provided for a specific method of appropriating water did not thereby set up an exclusive method of appropriation. *Id.*

Section 42–201 of the Idaho Code was changed in 1971 to require a mandatory permit system. *See* 1971 Idaho Session Laws, ch. 177 at 843. An appropriator whose right was based upon a valid, although unadjudicated, constitutional method of appropriation retained a senior claim in relation to a person holding a later issued permit. *R.T. Nahas Co. v. Hulet,* 114 Idaho 23, 26, 752 P.2d 625, 628 (Ct.App.1988). Nevertheless, those rights acquired by the constitutional method through diversion and appropriation to beneficial use prior to 1971 remain valid, I.C. §§ 42–103, –201, so long as any alleged water right has been duly registered with the Idaho Department of Water Resources consistent with I.C. § 42–243 (1990). Failure to have registered a constitutional use waived any entitlement to the use of water unless a claim for that right was filed in the SRBA as required by I.C. § 42–245 (Supp.1994).

The Idaho Legislature enacted statutes requiring the adjudication of the entire Snake River and all of its tributaries, commencing the SRBA on November 19, 1987. The historical development and procedural framework of the SRBA has been thoroughly set forth in *In re SRBA Case No. 39576,* 128 Idaho 246, 912 P.2d 614 (1995).

In 1985 the legislature provided presumptions relevant to the SRBA adjudication. Section 42–1416 of the Idaho Code (1985), provided in pertinent part, "Expansion of the use after acquisition of a valid unadjudicated water right in violation of the mandatory permit requirements shall be presumed to be valid and to have created a water right with a priority date as of the completion of the expansion, in the absence of injury to other appropriators." I.C. § 42–1416(2) (repealed 1994). Section 42–1416 of the Idaho Code was an attempt to provide "amnesty" for illegal expansions. Four years later the legislature enacted an accomplished transfer statute, I.C. § 42–1416A, which permitted users who had undertaken transfers of water rights without compliance with the statutory provisions of I.C. § 42–222 to have the transfer confirmed in the course of the general SRBA adjudication. I.C. § 42–1416A (repealed 1994).

On February 4, 1994, the district court declared the "presumption" statute, I.C. § 42–1416, and the "accomplished transfer" statute, I.C. § 42–1416A, unconstitutional. In response the legislature repealed I.C. §§ 42–1416 and 42–1416A and enacted the "amnesty statutes" at issue in this case. Statement of Purpose RS 03976C2; *See* 1994 Session Laws, ch. 454, § 24. According to the Statement of Purpose, the new legislation was tailored to protect the "status quo water use by some water users who had failed to follow the statutory procedure for development of some of their water uses." The new legislation was designed to protect "the water uses originally intended to be protected by the 'presumption' and 'accomplished transfer' statute" and "significant investments by water users and tax base for local governments by helping to maintain status quo water uses." *Id.*

## II.

### STANDARD OF REVIEW

■ The constitutionality of statutes enacted by the legislature is a question of law.

1. The district court should not have utilized the "core meaning" analysis in determining the constitutionality of the amnesty statutes. The issue is whether the statutes are constitutional based on the plain meaning of the statutes as written.

2. **42–1425 Accomplished transfers.**—(1) Legislative findings regarding accomplished transfers and the public interest.

   (a) The legislature finds and declares that prior to the commencement of the Snake River basin adjudication, many persons entitled to the use of water or owning land to which water has been made appurtenant either by decree of the court or under provisions of the constitution and statutes of this state changed the place of use, purpose of use, point of diversion, nature of use, or period of use of their water rights without compliance with the transfer provisions of sections 42–108 and 42–222, Idaho Code.

   (b) The legislature finds that many of these changes occurred with the knowledge of other water users and that the water has been distributed to the right as changed. The legislature further finds and declares that the continuation of the historic water use patterns resulting from these changes is in the local public interest provided no other existing water right was injured at the time of the change. Denial of a claim based solely upon a failure to comply with sections 42–108 and 42–222, Idaho Code, where no injury or en-

*City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996). When a statute or constitutional provision is clear, the Court must follow the law as written, and when the language is unambiguous there is no occasion for the application of the rules of construction. *Sweeney v. Otter*, 119 Idaho 135, 804 P.2d 308 (1990)[1]. When facts are stipulated in the lower court, this Court reviews only the district court's conclusions of law, and this Court exercises free review over those decisions. *Linn v. North Idaho Dist. Medical Serv. Bureau*, 102 Idaho 679, 689, 638 P.2d 876, 886 (1981). The district court's ruling on the constitutionality of the SRBA statutes, enacted pursuant to Article V, Section 13, will be reviewed *de novo*.

## III.

### IDAHO CODE SECTION 42–1425 IS CONSTITUTIONAL AS WRITTEN.

Section 42–1425[2] of the Idaho Code is entitled "Accomplished transfers" and ad-

largement exists, would cause significant undue financial impact to a claimant and the local economy. Approval of the accomplished transfer through the procedure set forth in this section avoids the harsh economic impacts that would result from a denial of the claim.

(c) The legislature further finds and declares that examination of these changes by the director through the procedures of section 42–222, Idaho Code, would be impractical and unduly burdensome. The more limited examination of these changes provided for in this section, constitutes a reasonable procedure for an expeditious review by the director while ensuring that the changes do not injure other existing water rights or constitute an enlargement of the use of the original right.

(2) Any change of place of use, purpose of use, point of diversion, nature of use or period of use of a water right by any person entitled to use of water or owning any land to which water has been made appurtenant either by decree of the court or under the provisions of the constitution and statutes of this state, prior to November 19, 1987, the date of commencement of the Snake River basin adjudication, may be claimed in a general adjudication even though the person has not complied with sections 42–108 and 42–222, Idaho Code, provided no other water rights existing on the date of the change were injured and the change did not result in an enlargement of the original right.

I.C. § 42–1425 (Supp.1995).

dresses a change in the place of use, purpose of use, point of diversion, nature of use or period of use of an existing water right. I.C. § 42–1425(2) (Supp.1995). The purpose of I.C. § 42–1425 is to streamline the adjudication process by providing a substitute for the transfer process required by I.C. § 42–222 and to protect existing water uses which were the result of past transfers, regardless of compliance with statutory mandates.

Section 42–1425(2) of the Idaho Code provides for a transfer of an existing water right for any change made prior to the date of commencement of the SRBA, regardless of compliance with sections 42–108 and 42–222, "provided no other water rights existing on the date of the change were injured and the change did not result in an enlargement of the original right." I.C. § 42–1425(2). Therefore, two limitations exist for an accomplished transfer: (1) there must be no injury to other water rights existing on the date of the change, and (2) the transfer cannot constitute an "enlargement" of the original right. I.C. § 42–1425(2).

■ Section 42–1425 of the Idaho Code does not define enlargement. The district court viewed the absence of such a definition as raising an issue as to whether the statute was constitutionally void for vagueness on its face. In resolving this issue, the district court applied a "core meaning" analysis to determine whether a person of reasonable intelligence can discern the meaning of the term "enlargement" as used in the amnesty statutes. A non-criminal statute is not unconstitutionally vague where its terms are such that an ordinary person exercising common sense can sufficiently understand and fulfill its proscriptions. *Allen v. Lewis–Clark State College,* 105 Idaho 447, 455, 670 P.2d 854, 862 (1983).

In an effort to discern the meaning of enlargement, the district court referred to the definition of "expanded use" found in section 42–1416B for guidance. That statute defines "expanded use" as follows:

"Expanded use" means an increase in the number of acres irrigated, or other additional use, under a valid ground water

right without any increase in the rate of diversion or volume of water diverted. I.C. § 42–1416B(5)(a) (1990). The district court's reference to I.C. § 42–1416B(5)(a)'s definition of "expanded use" was misplaced. Section 42–1416B of the Idaho Code addresses "critical ground water areas," and the definition section states that the following definitions apply, "[f]or the purposes of this section". I.C. § 42–1416B(5).

■ The term "enlargement" has been used to refer to any increase in the beneficial use to which an existing water right has been applied, through water conservation and other means. *See* I.C. § 42–1426(1)(a). An enlargement may include such events as an increase in the number of acres irrigated, an increase in the rate of diversion or duration of diversion. Section 42–1425 of the Idaho Code allows the various transfers of use of a water right to be claimed in the general adjudication "even though the person has not complied with sections 42–108 and 42–222, Idaho Code, provided no other water rights existing on the date of the change were injured and the change did not result in an enlargement of the original right." I.C. § 42–1425(2). An increase in the volume of water diverted is an enlargement and is not allowed under I.C. § 42–1425. However, a water user may seek an enlargement under I.C. § 42–1426, subject to the limitations set forth in I.C. § 1426.

The limitations in section 42–1425 protect other water users from injury to their rights resulting from a recognition of the transfers that are memorialized in the adjudication. Proceeding under section 42–1425 a water user cannot obtain a transfer that constitutes either an enlargement of the water right or otherwise injures water rights existing on the date of the change. Section 42–1425 of the Idaho Code is constitutional as written.

## IV.

## IDAHO CODE SECTION 42–1426 ALLOWS AN ENLARGEMENT THAT INCREASES THE VOLUME OF WATER DIVERTED.

If a water user seeks an enlargement in the adjudication the request must be pursu-

ant to Section 42–1426 of the Idaho Code[3] which allows the "enlargement" of existing water rights under certain conditions, unlike proceedings under section 42–1425 which do not allow an enlargement. The parties disagree as to the legal definition of "enlargement."

The district court found that the "core meaning" of I.C. § 42–1426 to be that:

[I]t requires a party claiming entitlement to an "enlarged" use to bear the ultimate burden of persuasion to prove by a preponderance of the evidence a) the absence of injury to any water right existing on the date of the completion of the "enlargement;" b) that the "enlargement" in use did not reduce the quantity of water available to any other water users on the date of completion of the "enlargement"; (footnote omitted) c) the enlargement cannot exceed the rate of diversion provided by I.C. § 42–202 (Supp.1994); and d) the absence of any injury to any water right existing as of April 12, 1994, whether the water user is a party to the SRBA or not. (footnote omitted).

The district court interpreted I.C. § 42–1426(2) to mean that a permitted enlarge-

3. **42–1426. Enlargements—Waiver of mandatory permit requirements.**—(1) Legislative finds regarding enlargements:

(a) The legislature finds that prior to the commencement of the Snake River basin adjudication and subsequent to the mandatory permit system provided in sections 42–201 and 42–229, Idaho Code, persons entitled to the use of water or owning any land to which water has been made appurtenant by decree, license or constitutional appropriation have, through water conservation and other means, enlarged the use of said water without increasing the rate of diversion and without complying with the mandatory permit system adopted by the legislature. Enlargements have been done with the knowledge of other water users, and water has been distributed based upon the right as enlarged. Junior water users made appropriations based upon a water system that reflected these enlarged uses. Thus, the legislature further finds and declares that it is in the public interest to waive the mandatory permit requirements for these enlargements in use prior to the commencement of a general adjudication, so long as such enlargements in use did not increase the rate of diversion of the original water right or exceed the rate of diversion for irrigation provided in section 42–202, Idaho Code, after the enlargement of use, and the enlargement of use did not reduce the quantity of water available to other water rights existing on the date of the enlargement in use.

(b) The legislature further finds that it is in the public interest to waive certain statutory provisions for the appropriation of water that has been diverted and applied to beneficial use to insure the economic and agricultural base in the state of Idaho as it existed on the date of the commencement of the Snake River basin adjudication and to maintain historic water use patterns existing on that date.

(2) The mandatory permit requirements of sections 42–201 and/or 42–229, Idaho Code, are waived, and a new water right may be decreed for the enlarged use of the original water right based upon the diversion and application to beneficial use, with a priority date as of the date of

completion of the enlargement of use for any enlargement occurring on or before November 19, 1987; provided however, that the rate of diversion of the original water right and the separate water right for the enlarged use, combined, shall not exceed the rate of diversion authorized for the original water right; and further provided, that the enlargement in use did not injure water rights existing on the date of the enlargement of use. An enlargement may be decreed if conditions directly related to the injury can be imposed on the original water right and the new water right that mitigate any injury to a water right existing on the date of enactment of this act. If injury to a water right later in time cannot be mitigated, then the new right for the enlarged use shall be advanced to a date one (1) day later than the priority date for the junior water right injured by the enlargement. It is further provided that any such enlargement of use allowed in a general adjudication shall not constitute an abandonment or forfeiture of the original water right to the extent of current use.

(3) The director shall publish a notice of enlargement of water right for all water rights recommended under this section. The notice shall contain a summary of the notice of claim and shall be published in the same manner as notices for applications to appropriate water in section 42–203A, Idaho Code. Any person who has filed an application for a water right prior to the enactment of this act or who has been issued a permit for a water right prior to enactment of this act but who has not filed a claim in an adjudication shall have one hundred twenty (120) days from the date of last publication of the notice of enlargement of a water right under this section to file a petition with the department of water resources to assert any claimed injury from the enlargement. No appeal of the determination of the department shall be allowed. If the applicant or permittee is dissatisfied with the determination of the department on any claim of injury, the sole remedy is to intervene in the general adjudication and assert their claim of injury in an objection to the water right.
I.C. § 42–1426 (Supp.1995).

ment cannot increase in the rate of diversion *or* annual volume of water diverted. The district court found that decreeing a priority date as of the date of completion of the enlargement will not violate Article XV, § 3 of the Idaho Constitution[4] if the claimant has met the burden of proving "an absence of any injury and if the enlargement does not include any increase in the rate of diversion or annual volume of water diverted."

■ "Where a statute or constitutional provision is clear we must follow the law as written." *Sweeney v. Otter*, 119 Idaho 135, 138, 804 P.2d 308, 311 (1990). Where the language of a statute is unambiguous, there is no occasion for the application of rules of construction. *Id.* Section 42–1426 of the Idaho Code provides for a waiver of the mandatory permit requirements of sections 42–201 and/or 42–229 of the Idaho Code and a decree of a new water right for an enlarged use of the original water right. I.C. § 42–1426(2). The statute imposes only two limitations on obtaining such a waiver for an enlargement with a priority date as of the date of enlargement: (1) "that the rate of diversion of the original water right and the separate water right for the enlarged use, combined, shall not exceed the rate of diversion authorized for the original water right;" and (2) "that the enlargement in use did not injure water rights existing on the date of the enlargement of use." *Id.* Section 42–1426 of the Idaho Code does not proscribe enlargements that include an increase in the volume of water diverted, so long as the enlargement does not exceed the rate of diversion originally authorized or injure water rights existing on the date of the enlarged use. The Court cannot engraft a condition that does not exist in the legisla-

tion. The question is whether that legislation as written is constitutional. As explained in the following section, the provision for enlargements in section 42–1426 is constitutional because of the mitigation provisions.

## V.

### THE ENLARGEMENT PROVISION IN SECTION 42–1426 IS CONSTITUTIONAL AS A CONSEQUENCE OF THE MITIGATION PROVISION.

Section 42–1426(2) of the Idaho Code provides that an enlargement shall only be allowed if it does not injure water rights existing on the date of enlargement of use. Further, "[i]f injury to a water right later in time cannot be mitigated, then a new right for the enlarged use shall be advanced to a date one (1) day later than the priority date for the junior water right injured by the enlargement." I.C. § 42–1426(2).

■ Section 42–1426 of the Idaho Code would violate Article XV, § 3 of the Idaho Constitution if it allowed a party with a claim for an enlargement to unconditionally receive a priority date as of the date of enlargement regardless of injury to junior appropriators. However, that is not the case. The clear and unambiguous language of the statute provides that only those enlargements which do not increase the rate of diversion, do not injure other water rights existing on the date of enlargement, and which fully mitigate any potential injury to junior water rights existing as of the date of enactment of the amnesty statutes are permitted. I.C. § 42–1426(2). Section 42–1426 of the Idaho Code is constitutional as written because it provides that an enlargement can-

---

4. **§ 3. Water of natural stream—Right to appropriate—State's regulatory power—Priorities.**—The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied, except that the state may regulate and limit the use thereof for power purposes. Priority of appropriations shall give the better right as between those using the water; but when the waters of any natural stream are not sufficient for the service of all those desiring the use of the same, those using the water for domestic purposes shall (subject to such limitations as may be prescribed by law) have the preference over those claiming for any

other purpose; and those using the water for agricultural purposes shall have preference over those using the same for manufacturing purposes. And in any organized mining district those using the water for mining purposes or milling purposes connected with mining, shall have preference over those using the same for manufacturing or agricultural purposes. But the usage by such subsequent appropriators shall be subject to such provisions of law regulating the taking of private property for public and private use, as referred to in section 14 of article I of this Constitution.

not be allowed that would injure a junior appropriator. The Court has not been presented with the specific issue of what "conditions directly related to the injury" can be imposed to adequately mitigate any injury to junior water rights existing on the date of enactment of the statute. This litigation deals with the abstract and hypothetical, since there is no individual claim of injury or proposed mitigation before the Court. However, some injury from an enlargement can be identified if the enlargement takes priority over a validly established water right held by a so-called junior appropriator. The junior appropriator will not receive the water that he/she would have received but for the enlargement if there is not enough water to serve all water users. It is difficult, if not impossible, to perceive of a situation in which an enlargement would not injure an appropriator who had an established right if the enlargement receives priority. However, there is at least the possibility that an appropriator seeking an enlargement of one water right might accept a diminution of another water right held by the same appropriator to assure that the enlargement of the one water right will not reduce the total volume available to the junior appropriator.

The issue of mitigation cannot be decided in a vacuum. But it is clear that if there are no mitigation provisions that will assure that there will be no injury to the junior appropriator, the new right for the enlarged use must be advanced to a date one day later than the priority date for the junior water right injured by the enlargement. The provision for advancement of the priority date is adequate protection to junior appropriators. The enlargement provision of section 42–1426 is constitutional.

## VI.

## THE MITIGATION PROVISION OF SECTION 42–1426 DOES NOT VIOLATE PRINCIPLES OF SEPARATION OF POWER.

The "mitigation" provision of section 42–1426 of the Idaho Code reads, "An enlargement may be decreed if conditions directly related to the injury can be imposed on the

original water right and the new water right that mitigate any injury to a water right existing on the date of enactment of this act. If injury to a water right later in time cannot be mitigated, then the new right for the enlarged use shall be advanced to a date one (1) day later than the priority date for the junior water right injured by the enlargement." I.C. § 42–1426(2). The district court addressed this provision and stated:

> The separation of powers doctrine requires a court to issue a decree or a judgment and does not allow the court to compel, through a decree or otherwise, a litigant to enter into a contract to subrogate a right which he or she would otherwise be entitled to enforce. There is no judicial authority, guidance or standard to apply to reach the concept of "mitigation of injury."

The legislature has the right to define the rights claimants have to water and may provide that a court shall decree those rights. As set forth in part VII of this opinion, the Court concludes that the mitigation provision in section 42–1426(2) does not violate the doctrine of separation of powers.

## VII.

## BURDEN OF PROOF UNDER THE AMNESTY STATUTES

The district court concluded that a party claiming entitlement to a transfer under section 42–1425 or an enlarged use under section 42–1426 bears the burden of proof to show the transfer or the enlargement will not cause injury. Once again, where a statute is clear and unambiguous the Court must follow the law as written. *Sweeney,* 119 Idaho at 138, 804 P.2d at 311. It is the Court's duty to effectuate the legislature's intent when interpreting statutes.

Section 42–1425(2)(a) of the Idaho Code states that if an objection is filed to a claim for an accomplished transfer "the district court shall remand the water right to the director for further hearing to determine whether the change injured a water right existing on the date of the change or constituted an enlargement of the original right." I.C. § 42–1425(2)(a). The statute provides that a hearing will then be conducted, and

the director shall submit a supplemental report to the district court setting forth his findings or conclusions. *Id.* The statute then provides that, "[i]f the claimant or any person who filed an objection to the accomplished transfer is *aggrieved* by the director's determination, they may seek review before the district court." *Id.* (emphasis added).

■ This language envisions that the party aggrieved by the director's recommendation, whether that be the party claiming an accomplished transfer or the party claiming injury, has the burden of proof under section 42–1425. In *In re SRBA Case No. 39576*, 128 Idaho 246, 912 P.2d 614 (1995), this Court defined the status of the Director's report:

> The Legislature's direction that the contents of the Director's report shall constitute *prima facie evidence of some water rights claims* was a permissible exercise of the authority, recognized in I.R.E. 301, to create an evidentiary presumption. Unless that evidentiary presumption is overcome by the evidence or the application of that presumption is clearly erroneous on its face, the facts set forth in the Director's report are established.

*Id.* at 256, 912 P.2d at 624.

Section 42–1426 of the Idaho Code establishes a different procedure:

> The director shall publish a notice of enlargement of water right for all water rights recommended under this section. The notice shall contain a summary of the notice of claim and shall be published in the same manner as notices for applications to appropriate water in section 42–203A, Idaho Code. Any person who has filed an application for a water right prior to the enactment of this act or who has been issued a permit for a water right prior to enactment of this act but who has not filed a claim in an adjudication shall have one hundred twenty (120) days from the date of last publication of the notice of enlargement of a water right under this section to file a petition with the department of water resources to assert any claimed injury from the enlargement. No appeal of the determination of the department shall be allowed.

I.C. § 42–1426(3). Unlike section 42–1425, section 42–1426 then provides that "[i]f the *applicant or permittee* is dissatisfied with the determination of the department on any claim of injury, the sole remedy is to intervene in the general adjudication and assert their claim of injury in an objection to the water right." I.C. § 42–1426(3) (emphasis added).

■ The scheme established in section 42–1426 is that the party asserting the right to an enlargement must submit that application to the Department of Water Resources. If the Director recommends an enlargement, the Director shall publish a notice of claim setting forth the information required in notices of applications to appropriate water. A person who has not filed a claim in the adjudication who claims injury from the enlargement may petition the Department to assert the claim. A person who has filed a claim in the SRBA does not have to petition the Department separately to oppose an enlargement. The Director will consider the petition for enlargement in relation to the claims that have been filed. The Director will then make a determination of whether the enlargement should be allowed. The determination may disallow the enlargement or may allow the enlargement subject to conditions that will mitigate any injury. If mitigation of the injury is not possible, the enlarged right may be advanced to a day later than the junior water right that would otherwise be injured. Either party who objects to the Director's determination may assert that objection in the general adjudication. Either party who asserts injury, whether that be the applicant for an enlargement or the person who claims injury by the enlargement, has the burden of establishing the claim in the general adjudication. I.C. § 42–1426(3). This scheme recognizes the reality that the party asserting a claim is in the best position to establish the existence of a controverted fact, and must, therefore, bear the burden of proving the existence of that fact. The determination of facts by the Director is presumptively correct. *Id.* The decision as to the validity and priority of water rights will be established by the district court in the adjudication. Consistent with our determination in *In re SRBA Case No. 39576*, 128

Idaho 246, 912 P.2d 614, this scheme does not violate separation of powers principles.

## VIII.

## IDAHO CODE SECTION 42–1427 IS CONSTITUTIONAL AS WRITTEN.

The constitutionality of I.C. § 42–1427 has not been questioned by any of the parties on appeal although addressed by the district court. The purpose of I.C. § 42–1427 is to permit holders of "ambiguous" decrees, those which do not describe each element of a water right because the omitted elements were not previously required, to be included as part of the recommendation in the Director's report. I.C. § 42–1427(2) (Supp.1995).

The statute clearly sets forth that a claimant cannot attempt to exceed "any previously determined and recorded element of the decreed or licensed water right" merely because one or more elements of the water right are ambiguous. I.C. § 42–1427(1)(b). Consequently, I.C. § 42–1427 does not provide for an enlargement of an existing water-right and does not contain any constitutional infirmities.

## IX.

## CONCLUSION

In the most recent SRBA decision, this Court stated that "to the extent that the 1994 legislation is a constitutional exercise of the Legislature's power to enact substantive law, that legislation is to be given due deference and respect." *In re SRBA Case No. 39576,* 128 Idaho at 255, 912 P.2d at 623 (citing *Idaho State AFL–CIO v. Leroy,* 110 Idaho 691, 698, 718 P.2d 1129, 1136). The "amnesty" statutes, I.C. §§ 42–1425, 42–1425, and 42–1427, are constitutional as written and must be "given due deference and respect." *Id.* No costs are awarded on appeal. No attorney fees are awarded on appeal.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.